|  |  |
|---|---|
| UNITED STATES OF AMERICA for the use of NORTH COAST ELECTRIC COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>R.E.P. ELECTRIC, INC., a Washington corporation, TUNISTA CONSTRUCTION, LLC, an Alaska limited liability company, LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, WESTERN SURETY COMPANY and Electrical Contractor's Bond No. 939460009,<br><br>Defendants. | CASE NO. 16-5425 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Plaintiff United States of America for the use of North Coast Electric Company's ("North Coast") Motion for Summary Judgment regarding Ft. Lewis Payment Bond Claim against Defendants Tunista Construction, LLC ("Tunista") and

Liberty Mutual Insurance Company ("Liberty Mutual") (Dkt. 58) and Defendants' opposition to the motion, or in the alternative, motion to continue the motion for summary judgment under Fed. R. Civ. P. 56(d) (Dkt. 66). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## PROCEDURAL HISTORY

On June 2, 2016, the Plaintiff filed this case against Defendants Tunista and Liberty Mutual and others for the non-payment of materials supplied for various construction projects on Joint Base Lewis McChord ("JBLM"). Dkt. 1. Claims against Defendants S.M. Wilson & Co. and Federal Insurance Company have been dismissed (Dkt. 45) as have the claims against Defendants Coburn Contractors, LLC and Hartford Fire Insurance Company (Dkt. 52). The caption has been amended to exclude these parties; all future pleadings from the parties should reflect the same.

On October 19, 2016, a default declaratory judgment, in Plaintiff's favor, was entered against Defendant R.E.P. Electric, Inc. ("R.E.P."). Dkt. 54. Defendant R.E.P. is in receivership. Dkt. 50. Although Defendant R.E.P. did not answer or otherwise respond to Plaintiff's complaint, it answered the cross claims asserted by Defendant Tunista and asserted counterclaims against Defendant Tunista. Dkt. 57.

Now pending is Plaintiff's motion for summary judgment against Defendants Tunista, the general contractor, and Liberty Mutual, Tunista's insurance company, for a principal balance of $9,910.98 for materials supplied and for interest, costs and attorneys' fees. Dkt. 58. For the reasons provided, the motion for summary judgment (Dkt. 58) should be renoted to May 5, 2017.

**RELEVANT FACTS**

On May 17, 2013, Tunista entered into a contract with the United States Army Corps of Engineers ("Army") for the construction of a dining facility at JBLM ("project"). Dkt. 30, at 5. Tunista, as principal, and Liberty Mutual, as surety, provided Payment Bond No. 023023242 in the amount of $9,432,860.00 to the United States. Dkt. 58-2, at 3-4.

Around September 12, 2013, Tunista subcontracted with R.E.P. to provide certain labor and electrical materials for the project. Dkts. 57, at 3; 66-1, at 1; 66-2, at 4-46. R.E.P., as principal, and Western Surety Company, as surety, entered in to performance and payment bonds, in favor of Tunista. Dkt. 66-2, at 47-50.

According to North Coast, as evidenced by North Coast's quote (including its Standard Terms and Conditions) and R.E.P.'s purchase orders, North Coast agreed to supply, and R.E.P. agreed to purchase, certain electrical materials for the project. Dkt. 58-1, at 4-15. According to North Coast's Standard Terms and Conditions, payment was due 30 after purchase, R.E.P. agreed to pay 18% per annum on past due amounts, and parties agreed that if litigation is brought, the prevailing party is entitled to reasonable attorneys' fees and costs. Dkt. 58-1, at 15.

On December 4, 2013, North Coast notified Tunista that it would be furnishing R.E.P. materials for use on the project. Dkt. 58-1, at 16.

According to North Coast's credit manager, between February 17, 2015 and July 1, 2015, North Coast provided R.E.P. project materials, which were delivered to the project site. Dkt. 58-1, at 3. The last delivery of materials was on July 1, 2015. Dkt. 58-1, at 3. The unpaid principal balance was $9,910.98. Dkt. 58-1, at 3; and 17-28 (copies of the invoices). Despite demands for payment, R.E.P. did not pay North Coast. Dkt. 58-1, at 3.

1  On September 24, 2015, North Coast notified Tunista that, under 40 U.S.C. § 3133, it has
2  "a claim for electrical materials in the amount of $9,910.98, plus accruing interest at the rate of
3  18% from September 22, 2015, until paid, against the payment bond posted by Tunista . . . for
4  the [JBLM dining facility project]." Dkt. 58-2, at 5. Plaintiff further notified Tunista that North
5  Coast provided the materials to R.E.P. *Id.*

6  Tunista maintains that Western Surety (R.E.P.'s surety) should pay any amount due to
7  North Coast. Dkt. 66-2, at 2. Tunista tendered North Coast's claims to Western Surety for
8  defense and indemnity, which it has not yet accepted because it contends that R.E.P. is owed for
9  extra work on the project. Dkt. 66-2, at 2.

10  According to Tunista, R.E.P. completed most of the electrical work on the project, but at
11  the end of the work, R.E.P. became insolvent and ceased operations on the project. Dkt. 66-1, at
12  2. Tunista states that it submitted several notices and change requests to the Army, in part,
13  regarding R.E.P.'s work on the project. Dkt. 66-1, at 2. After several discussions and
14  submissions, Tunista submitted a formal request for contract adjustment in December of 2016.
15  Dkt. 66-1, at 2. Tunista states that its request "includes 'pass through' amounts for R.E.P., which
16  in turn include amounts for [North Coast] for extra work asserted by R.E.P./North Coast." Dkt.
17  66-1, at 2. Tunista anticipates that the Army will process the request involving R.E.P. and North
18  Coast within 30-45 days, but it does not control the timing of that decision. Dkt. 66-1, at 2.

19  As of January 27, 2017, Defendant Tunista has not made any discovery requests of
20  Plaintiff. Dkt. 67-1, at 1. Tunista points out that the cost of even basic discovery would likely
21  exceed the value of North Coast's claim. Dkt. 66-2, at 3. Tunista states that if the Army grants
22  their formal request, it is anticipated that the parties will be able to achieve global resolution, or
23  at least resolution of North Coast's claim shortly thereafter. Dkt. 66-2, at 3.

24

# SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### DISCUSSION

Rule 56 (d) provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Defendants' Rule 56 (d) motion for a 90 extension of time to consider Plaintiff's motion for summary judgement (Dkt. 66) should be granted. Parties have not yet engaged in discovery. Defendants point out that it is unclear whether North Coast's credit manager has personal knowledge of whether the items for which R.E.P. was invoiced were actually delivered. Defendants further point out that it is unclear from the face of the invoices what was delivered. Defendants move for more time to attempt to resolve the case and conduct discovery. Plaintiff's motion for summary judgment should be renoted for consideration for May 5, 2017.

Further, under Fed. R. Civ. P. 6 (b)(1)(A), "when an act may be done within a specified time, the court may, for good cause extend the time with or without notice if the court acts, or if the a request is made, before the original time or its extension expires." Defendants have shown good cause for an extension of time for consideration of the motion for summary judgment. Defendants state that they anticipate a decision within 30-45 days from the Army regarding their formal request for a contract change, and at that point believe they will be able to resolve North
ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 6

Coast's claims.  In light of the fact that North Coast is claiming $9,910.98 plus interest, attorney's fees and costs, it is in all the parties' best interests to keep litigation costs down. There is no showing that North Coast will suffer any prejudice.  An extension of time should be granted.

Defendants should be mindful, though, that the Court does not anticipate granting yet another extension of time for consideration of this motion.  Parties should notify the Court immediately if settlement is reached.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendants' motion to continue the motion for summary judgment under Fed. R. Civ. P. 56(d) (Dkt. 66) **IS GRANTED**; and
- Plaintiff United States of America for the use of North Coast Electric Company's Motion for Summary Judgment regarding Ft. Lewis Payment Bond Claim against Defendants Tunista Construction, LLC and Liberty Mutual Insurance Company (Dkt. 58) **IS RENOTED TO MAY 5, 2017**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of February, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge